**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| *Plaintiff* | } | |
| | } | |
| v. | } | CRIMINAL ACTION NO. H-02-577 |
| | } | |
| HARMOHIND S. GREWAL | } | |
| *Defendant* | } | |

**ORDER ON NOTICE OF APPEAL**

Pending before the court is defendant Harmohind S. Grewal's ("Grewal") unopposed motion for leave to file out of time notice of appeal (Doc. 1391). Federal Rule of Appellate Procedure 4(b) provides a criminal defendant with ten-days from entry of judgment to file his notice of appeal. Fed. R. App. P. 4b(1)(A). The district court may, however, on a showing of good cause or excusable neglect, grant an extension of up to thirty-days. Fed. R. App. P. 4(b)(4). If a motion for an extension of time is made within the time provided in the rule, the district court may grant the motion after the forty-day period has ended. *United States v. Christoph*, 904 F.2d 1036, 1040 (6th Cir. 1990) (*citing United States v. Kaden*, 819 F.2d 813, 817 (7th Cir. 1987); *United States v. Lucas*, 597 F.2d 243, 245-246 (10th Cir. 1979)).

Federal Rule of Appellate Procedure 3(c) provides that a notice of appeal must specify the parties taking the appeal, the judgment appealed from, and the name of the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). The rule cautions that "an appeal must not be dismissed for informality of form or title. . ." Fed. R. Civ. App. 3(c)(4). The Court of Appeals has gone so far as to say that "the notice of appeal requirement may be satisfied by any statement, made either to the district court or to the Court of Appeals, that clearly evinces the party's intent to appeal." *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir. 1974). In keeping with this rule, the Fifth Circuit has found that various documents filed with the district court, as well as the district courts own orders, can

demonstrate a defendant's intent to appeal. *See United States v. Perez Arellano*, 02-51011, U.S. App. LEXIS 23256, *2 (5th Cir. Nov. 14, 2003) (unpublished) (finding that defendant's attorney's filing of a motion to withdraw and appoint new counsel for appeal "clearly evinced an intent to appeal"); *see also United States v. Sacerio*, 952 F.2d 860, 863 n.1 (5th Cir. 1992) (finding that defendant's "motion for appointment of counsel together with the district court orders . . . satisfy the spirit of Fed. R. App. P. 3(c)" and "evince[] [his] intent to appeal"); *Page v. DeLaune*, 837 F.2d 233, 236-37 (5th Cir. 1988) (collecting cases).

In this case, Grewal's attorney filed a motion to withdraw as counsel and motion to appoint counsel for purposes of appeal (Doc. 1183) on 18 July 2005. Final judgment was entered the next day (Doc. 1191). On 20 July 2005, the United States Magistrate Judge issued an order (Doc. 1194) granting Grewal's attorney's motion to withdraw, but denying Grewal's motion to appoint counsel until such time as Grewal submitted a completed financial affidavit and/or declaration in support of a request to proceed in forma pauperis. On 11 August 2005, Grewal filed his application to proceed in forma pauperis on appeal (Doc. 1215). The motion was granted on 22 August 2005 (Doc. 1220). Appellate counsel was appointed on 23 August 2006 (Doc. 1221).

After reviewing the pleadings in this case, the court finds that, taken together, Grewal's motion to appoint appellate counsel for purposes of appeal (Doc. 1183), Grewal's application to proceed in forma pauperis on appeal (Doc. 1215), and the Magistrate Judge's orders (Docs. 1194, 1220, and 1221) constitute a notice of appeal within the meaning of Federal Rule of Appellate Procedure 3(c). Accordingly, Grewal's current motion, seeking leave to file a notice of appeal out of time, is **MOOT**.

SIGNED at Houston, Texas, this 12th day of June, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE